UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSHUA FORD,<br><br>Defendant | CRIMINAL No. 1:23-cr-10235 RGS |

**SUPPLEMENTAL MEMORANDUM REGARDING BASES FOR A
DETENTION HEARING AND MOTION FOR DETENTION**

The United States respectfully submits this memorandum in response to the Court's order issued October 11, 2023. Dkt. No. 20. In so doing, the government supplements its previous motion for a detention hearing and continues to argue for detention.

The government previously argued that the defendant posed "serious" risks of flight and of obstruction and, therefore, that it was entitled to a detention hearing under both 18 U.S.C. § 3142(f)(2)(A) and § 3142(f)(2)(B). Dkt. No. 18. Those remain valid grounds for ordering a detention hearing. Now, the government additionally moves for a detention hearing under § 3142(f)(1)(A) and § 3142(f)(1)(D) because the defendant both is accused of a crime of violence and has previously been convicted of two crimes of violence. Each of these conditions – the nature of the defendant's current charges and his criminal history – is a new and independent ground on which to order a detention hearing. Especially considering these new grounds, the court can and should consider the "safety of any other person and the community" in determining whether to detain the defendant. 18 U.S.C. § 3142(e). Finally, the court should detain the defendant because no condition or combination of conditions can reasonably assure his appearance, the safety of the community, and the integrity of this proceeding.

### A. The Defendant is Accused of a Crime of Violence.

Under § 3142(f)(1), the court must hold a detention hearing upon the government's motion when the case involves "a crime of violence." 18 U.S.C. § 3142(f)(1)(A). The Bail Reform Act has its own definition for this term. In relevant part, it states that a crime of violence is an offense that has as an element "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4). Here, the defendant is charged with three counts of transmitting a threatening communication in interstate commerce, violations of 18 U.S.C. § 875(c). The elements of that crime require that the offender threaten either to kidnap or to injure another person. 18 U.S.C. § 875(c). By their nature, these acts require threatening the "use of physical force against" another person. Therefore, multiple federal courts have concluded that this statute alleges a crime of violence within the Bail Reform Act definition. *See, e.g., United States v. Santoro*, 359 F. Supp. 3d 122, 126 (D. Me. 2019) (finding that 18 U.S.C. § 875(c) is a crime of violence, also noting that Circuits uniformly find that a parallel statute criminalizing a mailed threat to injure someone, 18 U.S.C. § 876(c), is a crime of violence); *see also United States v. Pietila*, No. 1:23-CR-78, 2023 WL 4313162, at *1 (W.D. Mich. July 3, 2023) (citing cases); *United States v. Capriotti*, No. 21 CR 16, 2021 WL 229660, at *3 (N.D. Ill. Jan. 22, 2021) (same). Because the government has alleged a crime of violence in this case, it is entitled to a detention hearing. 18 U.S.C. § 3142(f)(1)(A).[1]

### B. The Defendant Was Previously Convicted of At Least Two Crimes of Violence.

The court must also hold a detention hearing upon the government's motion when the defendant is accused of a felony, as he is here, and has previously been convicted of two or more

---

[1] *See Santoro*, 359 F. Supp. 3d at 125-126, for a detailed discussion of why the "10 years or more" limitation does not apply to crimes of violence listed in 18 U.S.C. § 3142(f)(1)(A). This reasoning is adopted by the court in *Pietila*, 2023 WL 4313162 at *2 and by the government.

crimes of violence, including those charged in state or local systems. 18 U.S.C. § 3142(f)(1)(D). Here, the defendant's criminal history includes convictions for one count of strangulation, one count of assault and battery, and two counts of assault and battery on a family or household member. Pretrial Services Report at 4. Each of these crimes includes as an element "the use … or threatened use of force against the person" of another. 18 U.S.C. § 3156(a)(4). *See* M.G.L. c. 265 § 15D(b) (Strangulation) (defining "strangulation" as "the intentional interference of the normal breathing or circulation of blood by blocking the nose or mouth of another"); M.G.L. c. 265 § 13A(a) (Assault and Battery); M.G.L. c. 265 § 13M(a) (Assault and Battery on a Family or Household Member). Therefore, the defendant has previously been convicted of four crimes of violence, and the government is further entitled to a detention hearing based on this criminal history and the fact that the defendant is now accused of a new felony. 18 U.S.C. § 3142(f)(1)(D).

### C. The Court Must Consider Dangerousness in Deciding the Government's Motion.

Given that the government is entitled to a detention hearing under both § 3142(f)(1)(A) and § 3142(f)(1)(D), the court's next step is to determine whether any conditions of release will reasonably assure the defendant's appearance and the safety of any other person and the community. 18 U.S.C. § 3142(e). The court is permitted to consider the latter aspect of this dual inquiry because at least some of the justifications for this detention hearing fall under 18 U.S.C. § 3142(f)(1). At a minimum, the First Circuit has held that detention "based on dangerousness grounds" can be ordered "in cases involving one of the circumstances set forth in § 3142(f)(1)." *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988).[2] The government relies on its previous briefing

---

[2] Respectfully, the government disagrees with the Court's previous articulation of and the defendant's argument regarding *Ploof*. Dkt. No. 19 at 1. It is not the government's view that dangerousness can only be considered in cases where the basis for detention is listed in § 3142(f)(1). The government contends that dangerousness can also be considered in cases where the basis for detention is § 3142(f)(2)(B), which references a serious risk that the defendant will

to demonstrate by clear and convincing evidence that the defendant does, indeed, pose such serious risks of flight, danger, and obstruction that no combination of conditions can reasonably assure his appearance, the safety of the community, and the integrity of the proceeding. Dkt. No. 18.

### D. Conclusion

Based upon the foregoing, the government is entitled to a detention hearing. Moreover, the government has met its burden to show that no conditions of release will reasonably assure the defendant's appearance, the safety of any person or the community, or the integrity of this proceeding. Accordingly, the government requests the court order the defendant detained prior to trial. The government further requests that, if the court is inclined to release the defendant on conditions, it stay its order for such time as to permit the government to file a motion for revocation of the order of release under 18 U.S.C. § 3145(a).

                                               Respectfully submitted,

                                               JOSHUA S. LEVY
                                               Acting United States Attorney

By:   */s/ Amanda Beck*
       Amanda Beck
       Assistant United States Attorney

---

obstruct justice or threaten, injure, or intimidate a prospective witness or juror. *See* Dkt. No. 18 at 6-7, 10-11. However, it is not necessary to resolve this dispute here, because the defendant clearly qualifies for a detention hearing on many of the bases, including two listed in § 3142(f)(1), and that dangerousness is a proper consideration in those circumstances, at a minimum.

**CERTIFICATE OF SERVICE**

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                                                         _/s/ Amanda Beck_____
                                                         Amanda Beck
                                                         Assistant United States Attorney

Date: October 16, 2023