UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,

v.                                                    CRIM. NO. 23-10235-RGS

JOSHUA FORD,
          Defendant.

REPORT AND RECOMMENDATION
ON DETERMINATION OF DEFENDANT'S
<u>COMPETENCY TO STAND TRIAL</u>

KELLEY, U.S.M.J.

Mr. Ford is charged with three counts of Interstate Transmission of Threatening Communications in violation of 18 U.S.C. § 875(c). (#1.)  The indictment alleges that he sent emails to about 140 people at the Kingston Police Department and the Massachusetts Sheriffs' Association and posted videos online in which he threatened to attack and burn down the Plymouth County Courthouse and harm people who worked there.  *Id.*

On October 8, 2023, the United States filed an assented-to motion for a hearing to determine his mental competency, pursuant to 18 U.S.C. § 4241. (#17.)  On November 22, 2023, the court found that there was "reasonable cause" to believe that Mr. Ford may presently be suffering from a mental disease or defect that renders him "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a)." (#32.) This finding was based not only on the parties' agreement that the court should hold a hearing, but also on the facts underlying the present charges against Mr. Ford; the fact that in a parallel state court proceeding, Mr. Ford was evaluated for competency and found to be

incompetent[1]; Mr. Ford's previous criminal record; and statements Mr. Ford made in the course of these proceedings which strongly suggest that he suffers from a mental illness. *Id*., *see* #17. The court granted the assented-to motion and ordered that there should be a hearing to determine Mr. Ford's mental competency. (#32.)

The court appointed Stacey Fiore, Psy.D., ABPP (Forensic) to examine the defendant to determine if he presently suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *Id*. The court further ordered, pursuant to 18 U.S.C. § 4241(b), that Dr. Fiore prepare a report, file a copy with the court, and provide copies to counsel for defendant and the government, pursuant to 18 U.S.C. § 4247(b). *Id*. The report was to include Mr. Ford's history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; findings and opinions as to diagnosis and prognosis; an opinion as to whether Mr. Ford is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and whether Mr. Ford has a present sufficient ability to consult with his counsel with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him. *Id*.

The written report was filed with the court on March 6, 2024; Dr. Fiore's report conformed with the court's order in all respects, and concluded that Mr. Ford is competent to stand trial. (#44 (under seal).) On April 8, the parties submitted a Joint Stipulation Regarding Competency Report (#47), stating that the parties stipulate that the report is factually correct, the court may rely on it

---

[1] The expert's report in that matter is on the docket at #26, under seal.

in making a finding of competency, and that Dr. Fiore's finding that defendant is competent is uncontested. (#47.) The parties waived their right to present any evidence at a competency hearing. *Id*. The government also submitted a Status Report and Request for a Final Status Conference asking that the case go to the District Court for the scheduling of a pretrial conference. (#46.)

On April 10, 2024, this Court held a status conference with counsel for the government and counsel for Mr. Ford. The court spoke ex parte with counsel for Mr. Ford to ask him whether he had any reservations concerning Mr. Ford's ability to assist properly in his defense and whether counsel believed that Mr. Ford has sufficient present ability to consult with counsel with a reasonable degree of rational understanding. Counsel responded that Mr. Ford meets these standards concerning working with counsel. Counsel also stated that Mr. Ford understands the nature and consequences of the proceedings against him.

Once the government had joined the hearing, Mr. Ford's counsel repeated that he gets along well with Mr. Ford, Mr. Ford is appropriate and rational when counsel meets with him, and counsel has no concerns about his competency. Mr. Ford's counsel represented that he had discussed with Mr. Ford the stipulation that Mr. Ford and the government entered into, and that Mr. Ford agreed with the stipulation. This court observed Mr. Ford when he was previously before the court several months ago; he was calm, answered questions in a rational way, and gave every indication of understanding the proceedings. The court asked Mr. Ford's counsel if he had observed in his recent meetings with Mr. Ford that his demeanor and understanding had changed in any way, and counsel answered no. The court told counsel that given the facts of this matter, the report, and the parties' stipulation, the court did not feel it was necessary to have a competency hearing, and the parties agreed.

"It has long been held that the conviction of a person legally incompetent to stand trial violates due process." *Johnson v. Norton*, 249 F.3d 20, 26 (1st Cir. 2001) (citing *Pate v. Robinson*, 383 U.S. 375, 378, (1966)). The test for competency is whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and has a rational and factual understanding of the proceedings against him. *United States v. Ahrendt*, 560 F.3d 69, 74 (1st Cir. 2009) (per curiam) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960)). The determination of competency to stand trial is governed by the standards set out in 18 U.S.C. § 4241, which provides that any time after the commencement of a prosecution for an offense, "the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant" is not competent. Title 18 U.S.C. § 4241(a). "If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent . . . the court shall commit the defendant to the custody of the Attorney General [for hospitalization]." Title 18 U.S.C. § 4241(d).

The question of competency to stand trial is "often a difficult one in which a wide range of manifestations and subtle nuances are implicated." *Drope v. Missouri*, 420 U.S. 162, 180 (1975) (finding that there are "no fixed or immutable signs" that require inquiry into competency, but a court may consider defendant's irrational behavior, demeanor, and medical opinion regarding competency). The First Circuit has noted the "intensely fact-based nature of competency requirements." *United States v. Mahoney*, 717 F.3d 257, 266 (1st Cir. 2013) (quoting *Pike v. Guarino*, 492 F.3d 61, 75 (1st Cir. 2007)). Factors emphasized in the case law include whether defense counsel, who has the unique advantage of observing whether his client can assist in his

defense, raises the issue, *see United States v. Muriel-Cruz*, 412 F.3d 9, 13 (1st Cir. 2005); whether the defendant's claimed limitations seem exaggerated, *see United States v. Figueroa-Gonzalez*, 621 F.3d 44, 46-47 (1st Cir. 2010); and whether the defendant's problems rise to the level of the legal definition of incompetence or simply demonstrate "irrational" or bad judgment, *see United States v. Wiggin*, 429 F.3d 31, 37 (1st Cir. 2005). The undertaking is complicated by the fact that competence is temporal, and a defendant's status may change over time, necessitating a new inquiry. *See Drope*, 420 U.S. at 181; *Yeboah-Sefah v. Ficco*, 556 F.3d 53, 82 (1st Cir. 2009).

After careful review of the record, speaking with defense counsel, and observing Mr. Ford in court, this court finds that Mr. Ford is not presently suffering from a mental disease or defect, and that he has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and has a rational and factual understanding of the proceedings against him. This court further finds that it is not necessary to hold a competency hearing under 18 U.S.C. §§ 4241(c) and 4247(d). The parties are in agreement that Dr. Fiore's conclusion is correct and have stipulated that they have no additional evidence to offer at a hearing. The court concurs with the parties that Dr. Fiore's report and her conclusion is well-reasoned and recommends that District Court Judge Stearns find by a preponderance of the evidence that Mr. Ford is not presently suffering from a mental disease or defect, that he able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

/s/ M. Page Kelley

M. PAGE KELLEY
United States Magistrate Judge

April 10, 2024